UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: ENGLE CASES

CASE NO. 3:09-cv-10000-J-32JBT

_____/

**ORDER**

**THIS CAUSE** is before the Court on the following three pending motions: 1) Defendants' Motion to Enforce Compliance with First Omnibus *Engle* Order or In the Alternative to Dismiss or Deactivate Those Wrongful Death Cases Lacking Personal Representatives ("Motion to Enforce Compliance") (Doc. 76), 2) Defendants' Motion to Compel the Use of Plaintiffs' Verified Fact Sheets or In the Alternative to Expedite Plaintiffs' Responses to Defendants' First Discovery Requests ("Motion to Compel") (Doc. 90), and 3) Defendants' Motion to Strike Plaintiffs' Designation of 22 Cases for Activation Based on Their Failure to Comply with the First Omnibus *Engle* Order, or in the Alternative to Compel Plaintiffs to Provide Verified Fact Sheets in These Cases and/or Permitting Defendants to Serve Expedited Discovery Prior to Activation ("Motion to Strike") (Doc. 101).[1]

The Court held a hearing on the Motion to Enforce Compliance and the Motion to Compel on March 15, 2011. (Docs. 108, 109.) For the reasons stated herein, the Motion to Enforce Compliance is due to be **GRANTED in part** and **DENIED in part**, the Motion to Compel is due to be **DENIED as MOOT**, and the Motion to Strike is

---

[1] See Docs. 93, 99, 100, 111, 112, 120, and 129 for the filings related to these motions.

due to be **TAKEN UNDER ADVISEMENT**.

I.     **Defendants' Motion to Enforce Compliance**[2]

Defendants seek "an order to enforce Plaintiffs' immediate compliance with the Court's First Omnibus *Engle* Order," or in the alternative to dismiss or deactivate nine of the twelve activated cases because Plaintiffs "have so far failed to provide Defendants with . . . Letters of Administration establishing that they are in fact the Personal Representatives for their respective decedents' estates." (Doc. 76 at 1.) Defendants argue that these nine Plaintiffs lack the capacity to sue on behalf of those estates and to give valid HIPAA-compliant releases for medical records. (*Id.* at 2.)

The Court agrees with Defendants' position that activated cases for which personal representative have not yet been appointed should be deactivated. As expressed at the March 15, 2011 hearing, the Court had an expectation that any case Plaintiffs proposed for activation would be ready to proceed, which would include having an appointed personal representative. (Doc. 109 at 5, 11.) The Court noted that the appointment of a personal representative was necessary for a number of reasons beyond being able to provide valid medical releases. Further, the Court notes that case management orders entered in similar *Engle* cases in

---

[2] On March 22, 2011, the Court entered an Order taking this Motion under advisement with the exception of those parts of the Motion that addressed Defendants' request for mental health, pathology, and mortuary records, which the Court granted in part and denied in part. (Doc. 122.)

Florida state courts provide that "[a] case may not be designated for active discovery until," *inter alia*, "the Plaintiff . . . provides Defendants with probate documentation to confirm that an Estate has been opened and a Personal Representative has been appointed."[3] (*See, e.g.*, Doc. 116-1 at 22.)

Although the Motion requests deactivation of nine cases, after the Motion was filed the parties informed the Court that only two of the twelve activated cases do not have personal representatives appointed. (*See* Doc. 112 at 2-3; Doc. 129 at 1 n.1.) These cases are *Narushka v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10190-J-32JBT, and *VanBlarcom v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10556-J-34JBT.

Based on the reasons stated herein, the Court determines that only these two case will be deactivated and stayed until further order of this Court. However, as to the remaining activated cases,[4] as requested in Defendants' Response to Plaintiffs'

---

[3] The lack of a personal representative even in the inactive cases interjects uncertainty and confusion into what is already a difficult case management task. The Court may further address this issue at the June 6, 2011 case management status conference.

[4] The ten activated cases are:
*Aycock v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10928-J-99TJC-JBT;
*Denton v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10036-J-34JBT;
*Duke v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10104-J-32JBT;
*Gollihue v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10530-J-34JBT;
*Pickett v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10116-J-34JBT;
*Rix v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10192-J-32JBT;
*Starling v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10027-J-34JBT;
*Waggoner v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10367-J-32JBT;
*Walker v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10598-J-32JBT; and
*Young v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-11895-J-99TJC-JBT.

Supplemental Brief, the Court will extend the fact and expert discovery deadline to October 1, 2011, Plaintiffs' expert disclosure deadline to July 18, 2011, and Defendants' expert disclosure deadline to August 18, 2011.  Further, the Court will extend the dispositive and *Daubert* motions deadline, *sua sponte*, to November 1, 2011.  The Court will schedule the final pretrial conference and trial by a separate order.

In sum, Defendants' Motion to Enforce Compliance, to the extent it has not already been ruled upon, is due to be granted in part and denied in part.  The Motion will be granted to the extent it seeks deactivation of the two cases for which personal representatives have not yet been appointed, namely, *Narushka* and *VanBlarcom*.  The Motion will be denied as to the remaining activated cases.  However, the deadlines in those cases will be extended as requested by Defendants.

The Court observes that the Motion to Enforce Compliance would have been largely unnecessary had personal representatives been timely appointed in all of the activated cases.  Although the Court is allowing all but two of these cases to go forward, the Court will not tolerate such lapses in the future without considering appropriate sanctions. At the case management status conference on June 6, 2011, the lead attorney from each law firm that has made an appearance on behalf of Plaintiffs must attend and be prepared to address the resources necessary to effectively manage these cases.

## II.     Defendants' Motion to Compel

Defendants' Motion to Compel seeks an order compelling Plaintiffs to complete verified facts sheets, or, in the alternative, compelling Plaintiffs to serve responses to Defendants' first requests for production of documents and first sets of interrogatories on an expedited schedule no later than March 3, 2011.  (Doc. 90 at 1.)

At the March 15, 2011 hearing, the parties stated that the substance of the fact sheets was agreed upon, including the requirement of verification.  (Doc. 109 at 29, 35.)  Plaintiffs stated that as of the date of the hearing, verified fact sheets have been provided in eleven of the twelve cases that were initially activated.  (*Id.* at 35.)  Although Plaintiffs had not provided a fact sheet in the *Pickett* case, they agreed to forward a verified fact sheet to Defendants within seven days of the hearing.  (*Id.* at 41-42.)

In light of the parties' representations at the hearing, the Court finds that the issues raised in this Motion have been resolved.  Therefore, the Motion is due to be denied as moot as to the ten currently active cases.

## III.     Defendants' Motion to Strike

Defendants' Motion to Strike seeks an order striking Plaintiffs' Notice of Proposed Case List (Doc. 88), which purports to nominate twenty-two additional cases for activation, or, in the alternative, compelling Plaintiffs to provide previously agreed upon verified fact sheets by March 21, 2011 and/or granting Defendants

leave to serve expedited discovery in these cases prior to formal activation. (Doc. 101.)

This Motion raises case management, discovery, and activation issues that are similar to those raised in the first two motions discussed above. At this time, because of the difficulties encountered regarding the first batch of activated cases as noted herein, the Court is not inclined to allow any more cases to proceed until receipt of the Temporary Special Master's report and comments thereon, and the case management status conference set for June 6, 2011. Thus, Defendants' Motion to Strike will be taken under advisement at this time.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Enforce Compliance (**Doc. 76**), to the extent it has not already been ruled upon, is **GRANTED in part** and **DENIED in part**.

    a. The Motion is granted to the extent it seeks deactivation of cases for which personal representatives have not yet been appointed, namely, *Narushka* and *VanBlarcom*.

    b. *Narushka v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10190-J-32JBT, and *VanBlarcom v. R.J. Reynolds Tobacco Co., et al.*, 3:09-cv-10556-J-34JBT, are hereby **DEACTIVATED** and **STAYED** until further order of this Court.

    c. The Court's First Omnibus *Engle* Order (**Doc. 42**) is **AMENDED** as follows: (1) the deadline for completion of all fact and expert discovery in the ten activated cases is **October 1, 2011**; and (2) the deadline for filing dispositive and

*Daubert* motions is **November 1, 2011**.

        d.    The Court's February 4, 2011 Order (**Doc. 67**) is **AMENDED** as follows: (1) service of Plaintiffs' expert list and expert reports is due **July 18, 2011**; and (2) service of Defendants' expert list and expert reports is due **August 18, 2011**.

        e.    The Motion is denied in all other respects.

2.    Defendants' Motion to Compel (**Doc. 90**) is **DENIED as MOOT**.

3.    Defendants' Motion to Strike (**Doc. 101**) is **TAKEN UNDER ADVISEMENT**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 8, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Any Unrepresented Party