**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-J-32JBT

_____

## ORDER

This cause is before the Court on Plaintiffs' Notice to Court Regarding Federal

Cases in Which No Questionnaire Has Been Submitted to Plaintiffs' Counsel (Doc. 680)

("Notice"), filed on June 27, 2012.  The Notice lists a total of 757 cases, separated into two

categories, in which the party plaintiff failed to return a questionnaire pursuant to Court

order and failed to show cause pursuant to Court order.  (Doc. 680-1.)  Category A lists

644 pending cases, and Category B lists an additional 113 cases which have already been

dismissed.  (Id.)  For the reasons stated herein, the 644 cases listed as Category A cases

in the Notice are due to be dismissed with prejudice.

## BACKGROUND

After a number of twists and turns, by November 2009, this Court carried a docket

of 4,432 individual Engle progeny cases.[1]  Upon recommendation of a Temporary Special

_____

[1] In Engle v. Liggett Group, Inc, 945 So. 2d 1246, 1277 (Fla. 2006), the Florida
Supreme Court decertified the Engle class action and gave individuals a one-year period
in which to file lawsuits.  During this period, plaintiffs jointly filed numerous individual
actions in state court.  Additionally, in August 2007, plaintiffs filed twenty-seven (27) such
multi-plaintiff actions in this Court within the Engle savings period.  Then, in February 2008,
Defendants removed seventeen (17) multi-plaintiff cases to this Court from state court,
pursuant to the Class Action Fairness Act of 2005 ("CAFA").  Each of these forty-four (44)
cases presented the claims of numerous individual plaintiffs, actually resulting in thousands
of plaintiffs with separate claims before this Court.

Master ("TSM") appointed by the Court,[2] and after an extensive hearing with the parties and further briefing on the issue, on August 9, 2011, the Court ordered Plaintiffs' counsel to send a questionnaire to each <u>Engle</u> progeny plaintiff with a case pending before this Court. The Court ordered that questionnaires be completed under oath and returned to Plaintiffs' counsel. (Doc. 218 at 5.)  Additionally, the Court directed Plaintiffs' counsel to review each of the returned questionnaires, certify them under Rule 11, and submit them to the TSM. (<u>Id.</u>) The intent and purpose of the questionnaire process was in part, and still is, to identify which lawsuits, of the thousands on the Court's docket, present viable claims, with plaintiffs willing and authorized to pursue them.   Having consulted with Plaintiffs' counsel as to the amount of time necessary to accomplish the Court's directive, the Court set a deadline of November 10, 2011, for Plaintiffs' counsel to submit the completed questionnaires to the TSM. (<u>Id.</u> at 5.)

On November 10, 2011, Plaintiffs counsel filed a motion to extend the deadline to submit questionnaires to December 13, 2011. (Doc. 359 at 4.) By Order dated November 18, 2011, the Court denied the motion, but recognized there may be certain situations in which good cause might exist to allow the submission of additional questionnaires beyond the November 10 deadline. (Doc. 379 at 4.) Further, the Court ordered Plaintiffs to show cause as to why the failure to comply with a Court order and submit a questionnaire should not result in dismissal of the case of any Plaintiff who failed to do so. (<u>Id.</u> at 4.) The Court later allowed, for good cause, the submission of seventy-two questionnaires completed by individual plaintiffs who had failed to comply by November 10, 2011, as ordered, but did

---

[2]   On February 1, 2011, the Court appointed the TSM to among other things, make recommendations for the efficient management of the <u>Engle</u> progeny cases.

so subsequently.  In doing so the Court denied Plaintiffs any additional time to "obtain and submit other questionnaires."  (Doc. 604 at 3.)  Plaintiffs' counsel now ask the Court to exercise its discretion and give them yet another chance to attempt to convince the non-responsive plaintiffs to participate in this litigation by issuing **another** order to show cause, rather than dismissing the cases of plaintiffs who failed to submit a questionnaire.

## APPLICABLE STANDARDS

The United States Supreme Court and the Eleventh Circuit Court of Appeals recognize that a district court's inherent authority to manage its docket authorizes a court to dismiss a case with prejudice for "want of prosecution."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-32 (1962); Betty K Agencies, LTD. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting Link, 370 U.S. at 630).  Additionally, Rule 41(b), Federal Rules of Civil Procedure, also authorizes a court to sua sponte dismiss an action for failure to prosecute or failure to obey a court order.  See Fed. R. Civ. P. 41(b); Betty K Agencies, LTD., 432 F.3d at 1337.  Finally, Rule 3.10 of the Local Rules of the United States District Court for the Middle District of Florida also gives a court authority to dismiss a case for failure to prosecute.  M.D. Fla. R. 3.10(a); Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (reversing sua sponte dismissal for abuse of discretion, but recognizing that a "district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules").  Nevertheless, where, as here, the dismissal would be with prejudice, it is an extreme sanction.[3]  As such, dismissal is proper only when "(1)

---

[3]  Even if the Court were to dismiss these cases without prejudice, the dismissal would be as though it was with prejudice because the statute of limitations - specifically the one-year filing extension established by the Florida Supreme Court in Engle, 945 So. 2d at 1277 - has long passed.  See Powell v. Siegal, No. 10-14567, 2011 WL 5574963, at *1 (11th Cir. Nov. 17, 2011) ("When a complaint is dismissed without prejudice, but a statute

a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, LTD., 432 F.3d at 1337-38.  Indeed, "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is appropriate." Id. at 1339 (citation omitted).

## DISCUSSION

Upon careful consideration of the unique circumstances of this action and the record, the Court finds that the cases of plaintiffs listed in Category A of the Notice should be dismissed with prejudice.  These plaintiffs did not complete and return a questionnaire and have utterly failed to prosecute their claims.  More importantly they violated the Court's Order directing that they submit a completed questionnaire to their counsel.  Then, having failed to comply with the Court's order, these plaintiffs failed to respond to the Court's Order to Show Cause why their cases should not be dismissed based upon this failure.[4] The Court concludes that these plaintiffs have violated Court orders and engaged in a pattern of delay and willful contempt.  In addition, the court cannot conceive of a lesser sanction that would suffice based on this record.

As the Court has now repeatedly stated, Plaintiffs' counsel had a significant period of time to contact the individual Engle plaintiffs who wished to proceed with their claims and

---

of limitations bars a plaintiff from refiling her complaint, [the Eleventh Circuit] review[s] the dismissal *as though it was with prejudice*.) (citing Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212-13 (5th Cir. 1976)).

[4]   Although Plaintiffs' counsel attempted to respond to the Order to Show Cause (Doc. 379 at 4), they did so without any response or input from these plaintiffs and presented no facts excusing the failure to respond.

collect responses to the questionnaires; indeed they had, at a minimum, ten months.[5]  The efforts of Plaintiffs' counsel to contact plaintiffs and obtain completed questionnaires were exhaustive, if not heroic.  According to Plaintiffs' counsel, these efforts consisted of the following: (1) sending questionnaires by first class mail to 2,661 addresses; (2) sending questionnaires to verified e-mail addresses; (3) posting a downloadable copy of the questionnaire on the website: www.floridatobaccocase.com; (4) employing nine full-time and three part-time paralegals to answer calls from plaintiffs, as well as place follow up calls to plaintiffs who did not submit a questionnaire in response to the mailing; (5) the creation of a separate e-mail address for communication between the paralegals and plaintiffs; (6) establishing precise protocols to be used by the legal team throughout the questionnaire process (Doc. 427, Ex. A); (7) investigation by the firm's Research Department to locate contact information for questionnaires returned by the U.S. Postal Service due to an incorrect address, including but not limited to database searches on ACCURINT and Lexis-Nexis; (8) utilization of a cell phone tracking service to obtain cell phone numbers; (9) attempts by Plaintiffs' counsel to contact plaintiff's next of kin and/or potential relatives at the numbers located; (10) sending a new questionnaire to new addresses or e-mail addresses obtained through follow up efforts; and ultimately, (11) the initiation of an "on the ground" follow up to locate clients in Duval County, Florida. (Declaration of Heather Foster, Doc. 427-1.)  Despite these unprecedented efforts, the plaintiffs listed in Category A of the Notice, persons with whom Plaintiffs' counsel has

---

[5]  As of the date of the last hearing where this issue was addressed, approximately ten months had passed since the Court ordered plaintiffs and their counsel to proceed with the questionnaire process.  However, the Court further notes that it indicated its intent to implement the questionnaire process over a year ago, in June 2011, at the all cases hearing.  See Motion/Status Hr'g Tr. 82:9-17, June 6, 2011 (Doc. 171).

repeatedly assured the Court they had contact with and had obtained authority to initiate a lawsuit on their behalf, who have claims presently pending in this Court, did not return a questionnaire as ordered.  Moreover, despite a Court Order directing submission of a questionnaire, counsel's significant efforts to obtain their compliance and an Order to Show Cause, over the course of ten months, these plaintiffs still have not submitted a questionnaire or otherwise responded to the Court Order in any fashion.  It is apparent to the Court that the plaintiffs listed in category A of the Notice have either abandoned any intention of pursuing their claims, or were never interested in doing so in the first place. Therefore, under these circumstances, the Court finds that the plaintiffs' failure to submit a questionnaire by November 10, 2011, as ordered, failure to respond to the Court's Order to Show Cause, and failure to participate in this action in any manner whatsoever, presents a clear record of willful delay and willful failure to comply with court orders warranting dismissal.  See Kilgo, 983 F.2d at 192-93 (recognizing that dismissal is appropriate for willful delay, but not merely negligent delay).

Plaintiffs' counsel argue that dismissal would come as a surprise to their clients as they had no notice that a failure to return a questionnaire would result in their case being dismissed.[6]  This suggestion is entirely lacking in merit, and affirmatively contradicted by the record.  In the November 18, 2011 Order, the Court unequivocally refused to extend the deadline for submitting questionnaires, with only two possible exceptions: (1) plaintiffs who had already been in contact with counsel and required more time to complete deficient questionnaires; and (2) where good cause existed for the failure to submit a timely

---

[6]  The Court is concerned that the real surprise for many of these plaintiffs was the fact that a lawsuit had been filed on their behalf in the first place.  The Court intends to conduct further inquiry into this issue in connection with Rule 11 at a later date.

questionnaire. (Doc. 379 at 3-4.) In doing so, the Court specifically ordered plaintiffs to show cause as to why the Court should not dismiss the cases of plaintiffs who failed to submit a completed questionnaire for failure to prosecute. (Id. at 4.) This directive was clear and unambiguous. Despite the Order to Show Cause, the plaintiffs addressed in this Order did not submit a questionnaire to counsel, nor did they provide any explanation for their failure to comply. Further, if counsel or plaintiffs had any doubt before, the Court's April 26, 2012 Order (Doc. 604) undeniably put the parties on notice that failure to submit a completed questionnaire pursuant to this Court's August 9, 2011 Order, constituted a violation of a court order and a failure to prosecute, which would, in all likelihood, lead to dismissal. (Doc. 604 at 4.) Yet the plaintiffs addressed in this Order still have made no effort to submit a questionnaire, respond to the Order to Show Cause, or otherwise address their noncompliance.[7] As such, these plaintiffs have violated at least two Court Orders, failed to make any effort to date to provide a reasonable justification for these failures, and have either ignored or lost contact with the very lawyers that purport to represent them. In doing so, the plaintiffs have failed to prosecute their cases, and they have demonstrated that no lesser sanction would be appropriate. Indeed, if these plaintiffs are unwilling to complete a simple two page questionnaire which asks only fourteen questions in order to maintain their cause of action, or explain why they could not do so, the Court can conceive of no sanction appropriate to coerce them into participating further

---

[7] The Court notes that unlike the category A plaintiffs, approximately 100 other plaintiffs who had previously failed to timely comply with the Court's orders did subsequently provide counsel with a completed questionnaire. Those plaintiffs are not listed in Category A of the Notice, as that listing is only of plaintiffs who have not submitted a questionnaire to Plaintiffs' counsel. As such, in this Order, the Court makes no determination regarding the possibility of dismissal of the cases of those plaintiffs who have submitted a questionnaire, albeit belatedly, to Plaintiffs' counsel.

in this litigation.  This is particularly true given the Court's clear directives in the various orders and the ten-month period during which these plaintiffs were directed to show an interest in pursuing an Engle claim.

Given these circumstances, the Court finds that the only appropriate judicial action is to dismiss these cases.  Moreover, given the record in this action, the Court determines that "[a]nything other than dismissal with prejudice would in effect reward Plaintiff[s] for failing to prosecute [their] case[s] and punish Defendant[s], who ha[ve] actively and timely participated in this matter."  Clarke v. Hartford Life & Acc. Ins. Co., 3:10-CV-844-J-32JRK, 2011 WL 6076537, at * 3 (M.D. Fla. Oct. 26, 2011), adopted, 3:10-CV-844-J-32JRK, 2011 WL 6190144 (M.D. Fla. Dec. 7, 2011).  Thus, the cases listed in Category A of the Notice will be dismissed.

The Court has been advised that Plaintiffs' counsel have received approximately 100 questionnaires which have not yet been submitted to the TSM.  See Motions Hr'g Tr. 10-11, June 18, 2012 (Doc. 677).  Although these questionnaires are exceedingly untimely, the Court will permit these plaintiffs an opportunity to show cause why the untimely questionnaires should be accepted, and the respective plaintiff's individual lawsuit not be dismissed.

Accordingly, it is **ORDERED**:

1.    The cases listed in Category A of Exhibit 1 to the Notice (Doc. 680-1), and attached hereto as Exhibit A, are hereby **DISMISSED WITH PREJUDICE**.[8]

---

[8]   The Court recognizes that there may be cases in Category A of the Notice that have already been dismissed by the Court's September 11, 2012 Order (Doc. 780). However, neither party has informed the Court of which cases in Category A were also the subject of Plaintiffs' Motion for an Order of Dismissal (Doc. 452).  Therefore, in an abundance of caution, the Court has dismissed all cases in Category A.

The Court reserves jurisdiction over each of the cases listed in Exhibit A for the limited purpose of making further inquiry and addressing the circumstances surrounding the filing of each of these cases, as well as any Rule 11 implications.

2.      The Clerk of the Court is **DIRECTED** to terminate any pending deadlines and motions, and to close the cases listed in Exhibit A.

3.      **On or before October 22, 2012,** Plaintiffs are directed to **SHOW CAUSE** why the Court should permit any additional questionnaires already received by counsel to be submitted to the TSM, and not dismiss the cases of those plaintiffs.  Failure to do so will result in dismissal of those cases without further notice.  Defendants may respond **no later than November 13, 2012**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 20th day of September, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

_____
**MARCIA MORALES HOWARD**
United States District Judge

_____
ROY B. DALTON, JR.
United States District Judge

Copies:

Counsel of Record

Attachments:   Exhibit A - List of Dismissed Cases