UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-J-32JBT

**THIS ORDER RELATES TO:**

Avant v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10513-J-34JBT
Bradley v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10975-J-32JBT
Brown v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13518-J-32JBT
Fazekas v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13697-J-37JBT
Gavan v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10968-J-37JBT
Giddens v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13590-J-34JBT
Graham v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13602-J-37JBT
Hill v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-11075-J-32JBT
Larrabee v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13737-J-34JBT
Narushka v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10190-J-32JBT
Proud v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13449-J-34JBT
Reider v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10465-J-32JBT
Rodehaver v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10490-J-32JBT
Rudy v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-11071-J-32JBT
Scott v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10518-J-37JBT
Searey v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-13723-J-34JBT
Smith v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10048-J-32JBT
Vanblarcom v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10556-J-34JBT
Wilder v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10109-J-32JBT

## ORDER

This cause is before the Court on Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and Lorillard Tobacco Company's (collectively "Defendants") Motion for Protective Order.[1] ("Motion") (Doc. 703), filed on July 24,

---

[1] Avant (Doc. 52); Bradley (Doc. 91); Brown (Doc. 102); Fazekas (Doc. 62); Gavan (Doc. 60); Giddens (Doc. 57); Graham (Doc. 73); Hill (Doc. 110); Larrabee (Doc. 62); Narushka (Doc. 106); Proud (Doc. 54); Reider (Doc. 44); Rodehaver (Doc. 82); Rudy (Doc. 103); Scott (Doc. 72); Searey (Doc. 59); Smith (Doc. 102); Vanblarcom (Doc. 74); Wilder

2012, Plaintiffs' Opposition to Defendants' Motion for Protective Order (Requests for Admission) ("Opposition") (Doc. 724), filed on August 1, 2012, and the Court's August 3, 2012 Order granting the Motion (Doc. 734).

Defendants asked the Court to enter a protective order and strike Plaintiffs' requests for admission, which were served on June 12, 2012. (Motion at 1.) On August 3, 2012, the Court found that the requests were untimely and granted the Motion, but stated that it would enter an order explaining its reasoning. (Doc. 734.) The Court now does so.

The Court found that Plaintiffs' requests for admissions served on June 12, 2012, in each of the instant cases, were untimely because they were served after the fact discovery deadlines had passed. The fact discovery deadline was February 29, 2012 for Group 1, and May 15, 2012 for Group 2.[2] (Doc. 537.) Plaintiffs served requests for admissions in each of the above-styled cases on June 12, 2012, more than three months after the close of fact discovery in Group 1, and almost one month after the close of fact discovery in Group 2. (*See* Motion at 1.) However, Plaintiffs contended that these requests were served at the "appropriate time for the purpose of narrowing the issues to be disputed at trial," and they were in any event not untimely as to Group 2 because the expert discovery deadline had not passed. (Opposition at 2.) In addition, Plaintiffs asserted that the scheduling order did not set

---

(Doc. 90).

[2] The expert discovery deadline for Group 1, May 30, 2012, had also passed.

a cutoff for requests for admissions, and requests for admissions are not a discovery device and therefore not subject to the discovery deadlines. (*Id.* at 2, 6)

Defendants contended that the fact discovery period was the proper time for Plaintiffs to serve these requests for admissions. (Motion at 1-2.) Defendants also argued that the requests improperly requested admissions that go to central and disputed facts. (*Id.* at 6.) Consequently, Defendants requested that the Court strike the requests.

There appears to be disagreement among federal courts as to whether a request for admission is a discovery device subject to discovery deadlines. Both Plaintiffs and Defendants cited authority from various jurisdictions to support their respective positions. *Compare Brodeur v. McNamee*, No. 3:02-cv-823, 2005 WL 1774033 (N.D.N.Y. July 27, 2005) *with Kelly v. McGraw-Hill Co., Inc.*, 279 F.R.D. 470 (N.D. Ill. 2012). However, neither party cited controlling authority from this jurisdiction.

Although requests for admissions are not necessarily designed to elicit new facts or information, the Court concludes that they are discovery for the purposes of this Court's Order Setting Deadlines ("Deadline Order") (Doc. 537). *See* 7 James W. Moore, Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Generally, the limitations and deadlines applicable to other discovery devices also apply to requests for admission."). Requests for admissions are included in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," they are subject to

the timing and sequence of discovery in Rule 26(d), and violations of Rule 36 may result in sanctions pursuant to Rule 37, the Rule that provides sanctions for failing to make disclosures or cooperate in discovery. See Fed. R. Civ. P. 26(d), 36, 37. Moreover, the Advisory Committee's Notes indicate that Rule 36 is a "discovery procedure." Fed. R. Civ. P. 36, advisory committee's notes (1970 and 1993 Amendments). Finally, the Middle District's discovery handbook treats requests for admissions as discovery as they are included in various sections of the handbook. M.D. Fla. Discovery Handbook at 1, 3. In short, the Court has little trouble concluding that requests for admissions are discovery for purposes of the Deadline Order.

The Court also has little trouble concluding that the subject requests for admissions are fact, rather than expert, discovery for purposes of the Deadline Order. Requests for admission are not typically thought of as expert discovery. Furthermore, the Federal Rules of Civil Procedure explicitly provide only for expert disclosures, reports and depositions. See Fed. R. Civ. P. 26(a)(2), (b)(4). Thus, the Court rejects the argument that the subject requests should be considered expert discovery for purposes of the Deadline Order.

Finally, if either or both parties had wanted the Court to set a separate request for admission deadline in the Deadline Order, they could have so requested.

For the foregoing reasons, the Court granted Defendants' Motion and struck Plaintiffs' requests for admissions served on June 12, 2012.[3]

**DONE AND ORDERED** at Jacksonville, Florida, on September 21, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies:

Counsel of Record
L. Figgers

---

[3] The Court need not decide whether the requests were proper because they were untimely.