**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-J-32JBT

**THIS ORDER RELATES TO:**

Rudy v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-11071-J-32JBT
Narushka v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10190-J-32JBT
Smith v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10048-J-32JBT
Wilder v. R.J. Reynolds Tobacco Co., et al., 3:09-cv-10109-J-32JBT

_____

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiffs' Claims

for Punitive Damages ("Motion to Dismiss") (Doc. 789), filed on September 26, 2012;

Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive

Damages (Doc. 794), filed on October 2, 2012; and Defendants' Motion for Leave to File

a Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive

Damages ("Motion for Leave to File A Reply") (Doc. 795), filed on October 3, 2012.  For

the reasons stated herein, both motions are due to be denied.

**I.    Procedural History**

In these Engle progeny cases, plaintiffs seek punitive damages in connection with

each count of their complaints (strict liability, civil conspiracy to fraudulently conceal,

fraudulent concealment, and negligence/gross negligence).[1]  At issue here are Plaintiffs'

claims for punitive damages in connection with their non-intentional tort claims: strict

_____

[1]  As each amended complaint is virtually identical, the Court cites the Smith Third
Amended Complaint ("Compl.").  (Smith, Doc. 140.)

liability and negligence.[2]

On December 20, 2011, ruling on motions from the first wave of cases,[3] Judge Dalton denied the defendants' motion for summary judgment on the plaintiffs' claims for punitive damages, but found the complaints in that wave of cases "marginally, at best, sufficiently [pled] entitlement to punitive damages."[4]  (Doc. 426 at 3.)  He then advised the plaintiffs in these cases "to request leave to amend their complaints to more adequately plead entitlement to punitive damages for non-intentional tort claims." (Id. at 5-6.)  Almost seven months later, and after filing second amended complaints, on July 7, 2012, Plaintiffs' requested leave to amend their complaints to correct that pleading deficiency.  (Doc. 688.)  On August 24, 2012, the undersigned denied Defendants' motion for summary judgment on plaintiffs' punitive damages claims,[5] but also denied Plaintiffs' motion to amend their complaints, as proposed.  (Doc. 759 at 4-5.)  The amended complaints as proposed were deficient in at least three ways: (1) they attempted to plead entitlement to punitive damages as a separate count; (2) they were impermissible shotgun pleadings; and (3) they failed to tie the alleged tortious conduct to the individual smoker and otherwise take appropriate

---

[2]  Defendants conceded that "[f]or fraud-based claims, a properly framed and supported allegation of fraud may constitute a sufficient predicate for punitive damages" and only argued in their Motion for Summary Judgment on Each Plaintiff's Claims for Punitive Damages that "each Plaintiff has failed to adequately plead the predicates for punitive liability on his or her *negligence* [and] *strict liability* . . . claims."  (See Doc. 644-1 at 14 (emphasis added).)

[3]  The instant cases are part of the second wave of activated cases.

[4]  Defendants' motion for summary judgment argued that "each Plaintiff ha[d] failed to adequately plead the predicates for punitive liability on his or her negligence [and] strict liability . . . claims."  (Doc. 367 at 14.)

[5]  This motion was identical to the previous motion denied by Judge Dalton.  (See Doc. 644.)

care in drafting the amended complaints.  (Id. at 5.)  On September 21, 2012, Plaintiffs filed amended complaints attempting to correct these deficiencies.[6]  On September 26, 2012, Defendants moved to dismiss Plaintiffs' claims for punitive damages on the non-intentional tort claims (strict liability and negligence).  (Doc. 789.)  Trial in the Smith case is set to begin in four days on October 9, 2012.

## II.    Applicable Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules of Civil Procedure do not require "detailed factual allegations"; however, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570) (emphasis added).

With regard to this Motion, the Court must limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted). The alleged facts in the complaint must be accepted as true and be construed in the light most favorable to the non-movant. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting Hill v. White, 321 F.3d

---

[6]  The Court initially directed only the plaintiff in Rudy v. R.J. Reynolds Tobacco Company, 3:09-cv-10490-J-32JBT, to file an amended complaint.  (Doc. 759 at 4-5.) However, the parties subsequently resolved that case, and three others.  The Court then directed the remaining second wave plaintiffs to filed amended complaints "that conform to the Court's August 24, 2012 Order."  (Doc. 785 at 3.)

1334, 1335 (11th Cir. 2003)).

## III.    Discussion

Defendants contend that Plaintiffs have done nothing to correct the deficiencies in their amended complaints.  (Doc. 789 at 1.)  Consequently, Defendants maintain it is "impossible for Defendants (or the Court) to determine the alleged basis for punitive damages on any specific claim."  (Id. at 2.)  They argue that these legal deficiencies, as well as Plaintiffs' "repeated failure to comply with the Court's directives, warrant the dismissal of their punitive damages claims."  (Id.)

Plaintiffs contend that (1) the amended complaints sufficiently allege facts regarding Defendants' gross misconduct, and its effect on the individual smokers; (2) they have complied with the Court's August 24, 2012 Order; (3) Defendants are on notice of the facts supporting these claims; and (4) Defendants' argument contradicts past Engle rulings and Florida law.   (Doc. 794.)

Although the amended complaints incorporate by reference large portions of preceding allegations for each cause of action, the Court finds that Plaintiffs have complied with the Court's directive by incorporating only those facts they believe support each count and the accompanying punitive damages claim.  In addition, Plaintiff have also connected their claims for punitive damages with each count, rather than alleging punitive damages as a separate count.

Putting aside those two arguments then, the remaining issue is whether the amended complaints provide Defendants with notice of the alleged conduct underlying the claims for punitive damages.  "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was

4

personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2).

Under Florida law, "a plaintiff must plead specific acts committed by a defendant" to allege

entitlement to punitive damages. Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1341

(11th Cir. 2001). "Merely setting forth conclusory allegations in the complaint is insufficient

to entitle a claimant to recover punitive damages." Id. Thus, in connection with their non-

intentional tort claims, Plaintiffs must allege facts that would show that Defendants conduct

amounted to intentional misconduct or gross negligence. See Fla. Stat. § 768.72(2)(a)-

(b).[7]

Plaintiffs have set forth "sufficient factual matter," in connection with their strict

liability and negligence claims, which if accepted as true, as the Court must, states a claim

for punitive damages that is "plausible on its face." See Ashcroft, 556 U.S. at 678. In other

words, the allegations, if proven, could show that Defendants' alleged misconduct was

intentional or was so reckless that it constituted a "conscious disregard or indifference to

the life, safety, or rights of persons exposed to such conduct." See Fla. Stat. §

---

[7] Section 768.72(2) of the Florida Statutes provides:

(2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:

(a) "Intentional misconduct" means actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

(b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
Fla. Stat. 768.72(2)(a)-(b).

768.72(2)(a)-(b).   For example, the amended complaints allege facts regarding the addictive nature of nicotine, Defendants' knowledge regarding nicotine, and their actions to ensure that cigarettes contained sufficient amounts of nicotine to keep the smoker addicted.  (See, e.g., Compl. at ¶¶ 12-13, 31, 49-51.)  At the same time, Defendants allegedly knew the serious health risks of smoking.  (See, e.g., id. at ¶¶ 13, 19, 25.)  In addition, assuming the smoker smoked filtered and/or low-tar or light cigarettes, the allegations regarding Defendants' actions with respect to filters, tar levels, and cigarette design, allege facts that, if proven, could show that Defendants acted with the requisite mental state.  (See, e.g., id. at ¶¶ 28-73, 82-95, 97-100.)  Moreover, the complaints allege that each smoker was addicted to cigarettes containing nicotine, that such addiction caused the decedent's smoking-related disease and death, and that such injuries and death were caused by Defendants' conduct.  (See, e.g., Compl. ¶¶ 8, 114, 128.)

The sufficiency of the evidence of Defendants' conduct with respect to each individual smoker, which appears to be what Defendants' dispute, is a different question. Whether there is sufficient evidence to tie Defendants' alleged conduct with the decedent's injury and death, is at this point, either a question for the jury or the trial judge.  These factual determinations cannot be made from the face of the complaints, to which this Court's consideration is constrained.  However, Defendants are not precluded from objecting at trial to evidence that has no relevance to the particular plaintiff's case or from questioning the sufficiency of evidence supporting punitive damages in a particular case.

Finally, as this Court previously recognized, Defendants are familiar with the facts Plaintiffs allege, and the evidence they introduce at trial, to support their punitive damages claims.  In Re: Engle Cases, No. 3:09-cv-10000-J-32JBT, Doc. 426 at 3 (M.D. Fla. Dec.

6

20, 2011) (Dalton, J.)  As Judge Dalton explained:

> [I]n light of the long litigation history, together with the unique facts and circumstances of these cases, granting summary judgment based on a pleading deficiency would do injustice.  The Defendants are undeniably familiar with the facts Plaintiffs allege entitle them to punitive damages.  They are on notice regarding Plaintiffs' experts' testimony because the experts have been deposed in each case.  Thus, there would be no surprise and no prejudice to Defendants if Plaintiffs' claims for punitive damages for non-intentional torts proceed.

Id.  Discovery is closed in these cases, Defendants have filed answers, dispositive motions are over with, pretrial statements have been filed, and trials are set.  Defendants are well aware of what the evidence is in these cases.  Here too, there will be no surprise and no prejudice to Defendants by allowing Plaintiffs' claims for punitive damages to go forward.

Accordingly, it is hereby

**ORDERED:**

1.   Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages (Doc. 789) is **DENIED**.

2.   Defendants' Motion for Leave to File a Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages (Doc. 795) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 5th day of October, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

7

Copies:

Counsel of Record