UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-WGY

---

August 1, 2013

MEMORANDUM AND ORDER

YOUNG, D.J.

My name is Bill Young. The Chief Justice has designated me a visiting judge in the Middle District of Florida charged with the responsibility of managing the Engle tobacco docket cases to trial. While I welcome the challenge enthusiastically and expect to work hard, you should understand I have no especial skill either in the management of so many related cases or in substantive Florida products liability law. I am trying to fill the shoes of those superb and devoted district judges of the Middle District of Florida who have brought order to this large caseload and established the major jurisprudential standards for its resolution. This memorandum sets forth the framework for the further pre-trial case management of these cases.

**General Considerations.** In order to move these cases to trial expeditiously, we shall need both judges and courtrooms.

1

We'll seek judges through the 11th Circuit and the Judicial Conference Committee on Intercircuit Assignment.  We'll find courtrooms wherever the Middle District of Florida sits and, if necessary, in the Northern and Southern Districts of Florida as well.

I'll handle the cases to the time of the final pre-trial conference and pass them off to the judges who will preside over the trials.  As the new kid on the block, there is a natural tendency for parties to seek to relitigate matters already addressed and resolved.  Resist it.  I intend to carry on the work already so well begun with a strong emphasis on "the law of the case" and a proper invocation of the doctrines of issue and claim preclusion.

**Staffing**.  While I am well supported by the entire clerks' staffs in the Middle District of Florida and in my home district, the District of Massachusetts, you will be interacting especially with these outstanding professionals:

Within the Middle District of Florida, Deputy Operations Director Elizabeth Warren (phone no.  407-835-4351) will match visiting judges with their available court dates and courtrooms and will order up the necessary courtroom deputies, court reporters, and jurors.  Her arrangements are made with the full authority of the Court and carry the weight of court orders.

On my personal staff, three people in particular will share the day-to-day work load.

Courtroom Deputy Jennifer Gaudet (phone no. 617-748-9156) will handle all pre-trial hearings, conferences, and individual case management. She speaks for the Court in all respects and, like Elizabeth Warren, what she says carries the weight of a court order. Ms. Gaudet is an expert on practice and procedure and a font of knowledge about just how this Court works.

Judicial Assistant Elizabeth Sonnenberg (phone no. 617-748-4150) will handle all the docketing aspects of these cases and can answer any questions about electronic docketing.

Court Reporter Don Womack (e-mail womack@megatran.com) has worked with me for nearly 30 years. A true professional and real-time reporter, he maintains an electronic database of everything I've done as a federal judge.

**Case Activation Order.** Having reviewed the dockets and prior orders in these related cases, the Court now orders:

1. The 50 cases listed in Appendix A (wave 4) are activated and shall be deemed trial ready on January 2, 2014. Motions for summary judgment, if any, shall be filed no later than November 1, 2013. An individualized complaint in each of these cases, compliant with the earlier orders of this Court, shall be filed on or before Thursday, August 22, 2013.

2. The 110 cases listed in Appendix B (wave 5) are activated and shall be deemed trial ready on May 1, 2014. Motions for summary judgment, if any, shall be filed no later than February 3, 2014. An individualized complaint in each of these cases, compliant with the earlier orders of this Court, shall be filed not later than Thursday, September 12, 2013.

3. The 121 cases listed in Appendix C (wave 6) are activated and shall be deemed trial ready on September 2, 2014. Motions for summary judgment, if any, shall be filed no later than June 2, 2014. An individualized complaint in each of these cases, compliant with the earlier orders of this Court, shall be filed not later than Thursday, October 3, 2013.

**Orders for the Pre-trial Preparation of the Activated Cases**

a. Within 30 days of the date of the filing of the individualized complaint, the parties in each case shall meet, confer, and submit for approval a **joint proposed case management order** (in the form attached as Appendix D) leading to trial readiness on the date assigned. Should full agreement not be reached, the parties shall state (on the same document) their separate positions. The Court will choose the most reasonable position. This is an incentive to be reasonable. As the attorneys in many of these cases are much the same, a single case management proposal for multiple cases to be trial ready on the same date is acceptable.

b. **Experts**. Experts testifying pursuant to Fed. R. Evid. 702 shall timely submit the expert report required by Fed. R. Civ. P. 26(2)(A). These expert reports are to be drafted to the exquisite detail of a patent claim. No such expert shall be permitted to testify to anything not set forth in the expert's report. All demonstrative aids must likewise be disclosed in the expert report.

c. **Mediation**. The Court strongly recommends voluntary mediation of these claims. The format heretofore adopted and the skilled mediators who are already familiar with these actions may prove a valuable resource. Mediation will not, however, delay the trial readiness of these actions.

d. **Pre-trial Memoranda**. No later than the first day of the month preceding the month in which the case is to be trial ready, the parties shall meet, confer, and submit a detailed pre-trial memorandum in the form attached hereto as Appendix E. The Court will thereafter hold a final pre-trial conference telephonically.

e. **Trial Readiness**. A trial-ready case is one that is fully prepared for trial. Trial-ready cases will be called for trial with as much notice as possible on or after the trial ready date set forth above. Cases will be called for trial in the order listed in the respective appendix.

5

f. **Continuances.** Since it will be necessary to be flexible and fully occupy the time of the visiting judges available to try these cases, I cannot fix particular dates for trials. As stated above, we will give as much notice as possible. Accordingly, there must be a firm, fair continuance policy in place. Here it is: should an individual plaintiff die, the Court will grant a continuance to allow the proper court to appoint a personal representative. When a case is called for trial, should **all** the attorneys who have appeared for a party in that case actually be involved in another trial, the Court will continue the case until that trial is concluded. No continuance will be given for any other reason (e.g., witness unavailability). This Court will act on all motions for continuance.

g. **Settlement.** Should a case settle, a simple call to Ms. Gaudet will suffice to administratively close that case. You can have such time as you desire to file the necessary settlement documents, placing on the public record only such documents as you may wish. This is intended to grease the skids toward settlement. Don't ever make that call and then report that the settlement has become "unwound." The Court simply will not recognize that eventuality. M.D. Fla. L.R. 3.01(f).

h. Attached hereto as Appendix F are the Court's Basic Procedures and Modification to Local Rules when sitting as a visiting Judge.

**Idiosyncrasies.** All judges have idiosyncrasies. I try to keep mine to a minimum. Here are a few:

First, I am hostile to **sealing** documents. Court proceedings are public proceedings and should remain so.

Second, with the exception of suggestions (see below), the Court frowns on **letters** sent to it. Everything will be done by motion. Letters will not be read, docketed, or acknowledged.

**Suggestions.** While I take full responsibility for everything I do, I'm certainly open to systemic suggestions and will read (but not acknowledge) any non-case specific suggestion. For example, would anyone go jury-waived in return for a prompt trial? Waive venue? Try a case to a jury before a presiding magistrate judge? A special master? Can we select the cases to be tried in a better way? Is global mediation (I know its been tried before) worth a shot? Are there common issues we could isolate for a joint trial? You people know these cases much better than I. You have a common, professional interest in their prompt, fair resolution. How can I do it better?

**Conclusion.** The goal, of course, is the "just, speedy, and inexpensive" resolution of each of these cases. Fed. R. Civ. P. 1. Those terms, however, are neither self-defining nor

7

self-executing.  Here, therefore, are four lodestars that will guide me as we proceed:

> Justice John Henry Meagher was the senior justice of the Massachusetts Superior Court when first I came to the bench.  His simple admonition, "*This is a trial court. Trial judges ought go on the bench every day and try cases,*" is the best advice I ever received as a judge because it reminds me that whatever our other obligations, our major efforts ought be directed to the trial of cases. This is actually a variant, adapted to the judicial role, of Lord Nelson's tactical instruction that "[n]o captain can do very wrong if he places his ship alongside that of an enemy."  It has, for thirty-five years, been the lodestar of my own judicial practice.
>
> *You have to go out on the bench and listen to the bastards, Austin.  They just might have something.*
>
> > ~ Hon.  Francis H.  Ford, United States District Judge, District of Massachusetts, to Austin W.  Jones, Courtroom Deputy Clerk (1969).
>
> *There's not too much to this judging business, Bill.  You find out what cases you have.  You get them to trial as soon as you reasonably can.  You try cases the best you know how.  You decide what you need to decide as fairly as you can -- and you keep moving on.*
>
> > ~ Hon.  Owen Panner, United States District Judge, District of Oregon.
>
> *There has to be a safe place, and we have to be it.*
>
> > ~ Hon.  Richard S.  Arnold, United States Circuit Judge, Eighth Circuit Court of Appeals (Aug.  8, 2002).

As to the directions set forth herein, it is

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG[1]
DISTRICT JUDGE

Copies:

Counsel of Record

Hon. Anne C. Conway, Chief Judge

Hon. Joel B. Toomey

Temporary Special Master

Mediators: Michael G. Tanner, Steven C. Sawicki, John S. Freud, and Terrance White

---

[1] Of the District of Massachusetts, sitting by designation.