UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-J-WGY-JBT

October 28, 2013

MEMORANDUM AND ORDER

Young, D.J.

This cause is before the Court on the following:

1. Defendants' Motion to Bifurcate Class Membership and Compensatory Liability from Punitive Liability and to Exclude Evidence of Tortious Conduct from the Class Membership and Compensatory Phase in Light of the Douglas Decision ("Motion") (Doc. 1057);

2. Plaintiffs' Opposition to Defendants' Motion to Bifurcate Class Membership and Compensatory Liability from Punitive Damages and to Exclude All Evidence of Defendants' Tortious Conduct During the Compensatory Phase ("Response") (Doc. 1069);

3. Defendants' Reply Memorandum in Support of Their Motion to Bifurcate Class Membership and Compensatory Liability from Punitive Liability and to Exclude Evidence of Tortious Conduct from the Class Membership and Compensatory Phase in Light of the Douglas Decision ("Reply") (Doc. 1078); and

4. Plaintiffs' Surreply in Opposition to Defendants'

Motion for Multi-Phased Trials and to Exclude Evidence from Cigarette Company Files ("Surreply") (Doc. 1083). Upon consideration, the Motion is due to be **DENIED**.

Each wave of Engle progeny cases tried in this Court utilized a trial structure that bifurcated the determination of the amount of punitive damages into a separate, second phase. This structure was initially implemented in Wave 1 pursuant to an agreed motion of the parties, see docs. 494, 825 at 6, and is consistent with the procedure for punitive damages specified by Florida law:

> We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same jury should then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable. At this second stage, evidence of previous punitive awards may be introduced by the defendant in mitigation.

W.R. Grace & Co. v. Waters, 638 So. 2d 502, 506 (Fla. 1994).

In the Motion, Philip Morris USA, Inc., R.J. Reynolds Tobacco Company, and Lorillard Tobacco Company (collectively, "Tobacco") propose a novel tripartite trial structure whereby the trial of every Engle progeny case would be split into three phases: Phase I, in which the jury determines whether the smoker

is an Engle class member and whether defendants are liable for compensatory damages; Phase II, in which the jury determines whether punitive damages are warranted; and Phase III, in which the jury determines the amount of punitive damages to award, if any. Doc. 1057. According to Tobacco, the Florida Supreme Court's opinion in Douglas v. Philip Morris USA, Inc., 110 So. 3d 419 (Fla. 2013), "compels" the Court to remove all evidence of their wrongful conduct to the proposed Phases II and III. Id. at 1.

The Court agrees that Douglas clarified a number of issues regarding the preclusive nature of the Engle findings. The opinion does not, however, substantively address bi- or trifurcation at all, and the holding of Douglas does not dictate the structure Tobacco proposes. See generally Douglas, 110 So. 3d 419.

Tobacco is correct that Douglas holds that the Engle findings conclusively establish the conduct elements of an Engle class member's claims. Doc. 279 at 10; Douglas, 110 So. 3d at 429-30. However, evidence of tobacco industry conduct is still relevant to other elements of a plaintiff's compensatory liability claims. For example, even under Tobacco's proposal, a plaintiff would still need to introduce in a modified Phase I evidence of a defendant's conduct so the jury could decide whether the smoker sufficiently relied on this conduct to his

3

detriment in considering the plaintiff's fraudulent concealment and conspiracy to fraudulently conceal claims. See Philip Morris USA, Inc. v. Naugle, 103 So. 3d 944, 947 (Fla. 4th DCA 2012) ("[A] claim of fraudulent misrepresentation and/or concealment requires proof of detrimental reliance on a material misrepresentation.") (quotations omitted). Tobacco's conduct is also arguably relevant on the issue of addiction. See Douglas, 110 So. 3d at 431-32 ("[P]roving class membership often hinges on the contested issue of whether the plaintiff smoked cigarettes because of addiction or for some other reason . . . ."). Thus, Tobacco's proposal is not required by Florida law, nor would it lead to the result they desire.

The decision to bifurcate trial is a matter of the trial court's discretion, Griffin v. City of Opa-Locka, 261 F.3d 1295, 1301 (11th Cir. 2001), and the Court is not inflexibly tied to the trial structure employed thus far. Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court **may** order a separate trial of one or more separate issues [or] claims . . . ." Fed. R. Civ. P. 42(b) (emphasis added). Dividing trial further in the manner Tobacco requests, however, would not further the goals of convenience, avoiding prejudice, and expediting and economizing the trial reflected in Rule 42.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Bifurcate Class Membership and Compensatory Liability from Punitive Liability and to Exclude Evidence of Tortious Conduct from the Class Membership and Compensatory Phase in Light of the <u>Douglas</u> Decision (Doc. 1057) is **DENIED**.

**SO ORDERED.**

/s/William G. Young
WILLIAM G. YOUNG[1]
DISTRICT JUDGE

ab.
Copies:

Counsel of Record

---

[1] Of the District of Massachusetts, sitting by designation.