UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

*In re*: ENGLE CASES,

Case No. 3:09-cv-10000-WGY-JBT

## ORDER

This cause is before the Court on the following:

1. Plaintiffs' Renewed Motion for Improved Jury Selection (Doc. 1621), filed August 8, 2014;

2. Defendants' Opposition to Plaintiffs' Renewed Motion for Attorney Voir Dire (Doc. 1633), filed August 22, 2014;

3. Plaintiffs' Reply in Support of Their Renewed Motion for Improved Jury Selection (Doc. 1658), filed September 18, 2014; and

4. Defendants' Notice of Supplemental Authority (Doc. 1664), filed September 23, 2014.

## BACKGROUND

To manage more than four thousand *Engle* progeny cases filed in the wake of the Supreme Court of Florida's decision in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1268, 1277 (Fla. 2006),[1] this Court created a master docket to "deal with case-

---

[1] Plaintiffs in this action purport to be former members of a class certified by a Florida court to pursue tort claims against domestic cigarette manufacturers and two tobacco industry organizations for injuries allegedly caused by smoking. *See Walker v. R.J. Reynolds Tobacco Co.*, 734 F.3d 1278, 1280–81 (11th Cir. 2013). In 2006, the Supreme Court of Florida: (1) decertified the class; (2) upheld certain jury findings adverse to the Defendants; and (3) held that individual plaintiffs who filed suit within a specified time could proceed against Defendants individually and with the benefit of the jury findings. *See Engle*, 945 So. 2d at 1268, 1277. In the year following this decision,

management issues and other matter common to all cases" and stayed the individual cases pending activation for trial.[2] *See In re Engle Cases*, 767 F.3d 1082, 1086, 1089 (11th Cir. 2014). Upon activation, trials are set for "two week periods months in advance, with corresponding assignments to designated visiting judges from around the country." *Berger v. Philip Morris USA, Inc.*, No. 3:09-cv-14157, 2014 WL 5780189, at *2 (M.D. Fla. Nov. 5, 2014). In this way, the Court has conducted more than 20 trials in individual *Engle* progeny cases since 2012, and many more trials are set in 2015. (*See* Doc. 1621-8.)

Overall, the jury awards in favor of Plaintiffs in this Court have been lower than the jury awards in state court trials of *Engle* progeny cases.[3] (*See* Doc. 1621-6; Doc. 1621, pp. 6–9.) Plaintiffs attribute these results to reduced bias in state juries that is achieved through larger venire panels and the extensive attorney voir dire permitted in state court.[4] (*See* Doc. 1621, p. 9 ("Federal and state court juries reach drastically different results because they are selected differently."); *see also id.* at 4–6, 9 (arguing "the state voir dire process leads to the discovery and dismissal of almost *three times* the percentage of jurors who are predisposed to rule against the plaintiff" and "results

---

courts were inundated with filings. *See In re Engle Cases*, 767 F.3d 1082, 1086, 1089 (11th Cir. 2014). These cases are referred to as *Engle* progeny cases. *Id.*

[2] Many courts have described the history of the *Engle* progeny cases; thus, it will not be repeated at length here. *See Berger v. Philip Morris USA, Inc.*, No. 3:09-cv-14157, 2014 WL 5780189, at *2 (M.D. Fla. Nov. 5, 2014) (citing *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326–29 (11th Cir. 2010), and *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F.Supp.2d 1244 (M.D. Fla. 2011) as good sources for the history of these cases); *see also In re Engle Cases*, 767 F.3d at 1088–108.

[3] Since 2009, the state courts have conducted more than 100 trials in their *Engle* progeny cases. (*See* Doc. 1621-7.)

[4] Litigants in Florida state courts "have the right to examine jurors orally on their voir dire." Fla. R. Civ. P. 1.431(b) (permitting the court to ask questions so long as "the right of the parties to conduct a reasonable examination of each juror orally" is preserved).

for plaintiffs improve dramatically by every conceivable metric").) Plaintiffs have made repeated requests on the master docket and in individual cases that venire sizes and voir dire procedures be modified to be more consistent with state court procedures. (*See* Docs. 640, 743, 849, 1307, 1506.) Although Defendants have opposed Plaintiff's repeated requests (*see* Doc. 658, p. 4 n.6; Doc. 745; Doc. 759, p. 6; Doc. 1335), in all but nine trials, the presiding judges have permitted at least some attorney voir dire. (*See* Doc. 1693, pp. 34–35.)

In an Order dated April 22, 2014, the Court denied with prejudice Plaintiffs' request to "apply substantive Florida law to federal jury selection" in all *Engle* progeny cases and denied without prejudice the remainder of Plaintiffs' requests. (Doc. 1510.) The Court further ordered that a future request from Plaintiffs for modification of the Court's jury summonsing practices relative to venire size would be referred to "a panel of Corrigan, Howard, and Dalton, JJ." as the "judges primarily administering these *Engle*-progeny cases." (*Id.*)

On August 8, 2014, Plaintiffs filed a "Renewed Motion for Improved Jury Selection" and a request for a hearing on the Renewed Motion. (Docs. 1621, 1622.) Specifically, Plaintiffs request that visiting judges be advised that in *Engle* progeny cases: (1) sixty persons should be summoned for the venire panel; (2) a full day should be reserved for the jury selection process; and (3) the parties should be given three hours of attorney voir dire per side. (Doc. 1621, p. 9.) Defendants filed a Response (Doc. 1633), Plaintiffs filed a Reply (Doc. 1658), and Defendant then filed a Notice of Supplemental Authority (Doc. 1664). On October 16, 2014, a hearing was held before

U.S. District Judges Timothy Corrigan, Marcia Morales Howard, and Roy B. Dalton, Jr.[5] (Docs. 1679, 1693.) The matter is now ripe for adjudication.

## STANDARDS

More than 120 years ago, the Supreme Court of the United States rejected the argument that federal courts must apply the same jury selection procedures that are prescribed by state law. *See Pointer v. United States*, 151 U.S. 396, 406–08 (1894). Rather, the "mode of designating and impaneling jurors for the trial of cases in the courts of the United States is within the control of those courts."[6] *Id.* "The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any additional questions it considers proper." Fed. R. Civ. P. 47(a). Courts also resolve the parties' "challenges for cause or favor, whether to the array or panel or to individual jurors." 28 U.S.C. § 1870. The courts' decisions will not be disturbed "unless it is shown with specificity that the voir dire did not provide a reasonable assurance that the juror's prejudices could be discovered." *Lips v. City of Hollywood*, 350 F. App'x 328, 338–39 (11th Cir. 2009) (citing *United States v. Brooks*, 670 F.2d 148, 152 (11th Cir. 1982)); *see also* 28 U.S.C. § 1867(c) (providing procedure to challenge voir dire selection).

---

[5] By this reference, the entirety of the transcript of the October 16, 2014 hearing (Doc. 1693) is incorporated in this Order.

[6] District courts are required to adopt written jury selection plans in accordance with federal policy. *See* 28 U.S.C. § 1863(a); *see also* 28 U.S.C. § 1861 (stating federal policy that juries be "selected at random from a fair cross section of the community"). On January 15, 2010, the U.S. Court of Appeals for the Eleventh Circuit approved this Court's plan. *See* M.D. Fla., Plan for the Qualification and Selection of Grand and Petit Jurors (Approved by the 11th Cir. Panel—Jan. 15, 2010).

## DISCUSSION

To grant the relief that Plaintiffs' request, this Court would have to accept the following unlikely premises: first, voir dire conducted without direct attorney questioning in *Engle* progeny cases provides insufficient assurance that juror's prejudices could be discovered; and second, it would be appropriate to advise our visiting judges to conduct voir dire in a manner that may be contrary to their independent judicial judgment. Because the Court cannot accept these premises, Plaintiffs' Renewed Motion must be denied.

Despite their dogged effort, Plaintiffs have failed to persuade the Court that *Engle* progeny cases are so unique that an unbiased jury cannot be seated absent attorney voir dire. Plaintiffs' statistics and analyses simply have not shaken the Court's faith that the experienced and knowledgeable jurists assigned to these cases are capable of conducting a voir dire that identifies bias and "seats a fair and impartial jury." (Doc. 1693, p. 19.) Indeed, as noted during the hearing, the judges presiding over these trials are the only ones "truly interested in seating an unbiased jury" as contrasted with a jury that has been pre-conditioned to be receptive to a parties' claim or defense. (*See id.* at 12–14.)

Even if the Court were persuaded that attorney voir dire was a superior method of discerning juror bias, a formal recommendation to visiting judges would be contrary to the law. A visiting judge who is assigned to hear an *Engle* progeny case has the same powers and discretion concerning jury selection that the judges of this District enjoy.[7]

---

[7] In 2003, this Court adopted written policies concerning use of visiting judges. *See* M.D. Fla., Policy Governing Judicial Assistance Provided by Resident and Visiting Judges (March 2003). Further, Local Rule 3.01(d) permits the judges of this Court to reassign a case to any other consenting judge (including a visiting judge) "for any

5

*See* 28 U.S.C. § 296 (providing that an assigned judge "shall have all the powers of a judge of the court, circuit or district to which he is designated and assigned"); *see also* 28 U.S.C. § 292(d). That is a "wide discretion in conducting the jury selection process," *McCray v. R.J. Reynolds*, 579 F. App'x 912, 915 (11th Cir. 2014), which is "limited only by the parties' right to an impartial jury." *See Kaplan v. Daimlerchrysler, A.G.*, No. 02-13223, 2003 WL 22023315, at *1–2 (11th Cir. 2003) (rejecting defendants' argument that a visiting judge had conducted an insufficient voir dire); *see also Lips*, 350 F. App'x at 338–39; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 623 (1991). An attempt by the district judges of this Court to circumscribe the visiting judge's authority concerning such matters would be improper and likely invalid. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (holding that an assigned judge need not abide by an "invalid" rule purporting to interfere "with the discharge" of assigned judicial duties); *see also* 32 Am. Jur. 2d Federal Courts § 33 (2014). Thus, the conduct of jury selection in *Engle* progeny cases must be left to the sound discretion of the properly assigned visiting judges.[8]

---

limited purpose or for all further purposes."

[8] Although the Court declines to adopt a rule or preference in favor of or against attorney voir dire in all *Engle* progeny cases, it does not wholly reject Plaintiffs' argument that limited attorney voir dire, properly conducted, can be effective in identifying bias. Plaintiffs are free to advocate for the process in the individual cases.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Renewed Motion for Improved Jury Selection (Doc. 1621) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on December 11, 2014.

_____
Timothy J. Corrigan
United States District Judge

_____
Roy B. Dalton, Jr.
United States District Judge

_____
Marcia Morales Howard
United States District Judge

Copies:
Counsel of Record