UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: ENGLE CASES

Case No. 3:09-cv-10000-WGY-JBT

_____/

*May 11, 2015 — After careful review of the entire record pertinent hereto and the thorough report and recommendation of magistrate judge Anthony Porcelli, no objections having been made, the plan of distribution, detailed herein, is approved.*

*William G. Young*
*District Judge*

## REPORT & RECOMMENDATION

This cause is before the undersigned upon Plaintiffs' counsel's submission of a proposed distribution plan for the February 25, 2015 settlement agreement reached in the above-captioned matter. On April 6, 2015, the Court, pursuant to Federal Rule of Civil Procedure 53, appointed the undersigned as Special Master for the purpose of overseeing the administration and completion of the February 25, 2015 settlement agreement. (Doc. 1970). Pursuant to the authority granted in section three of the Court's Order, the undersigned has communicated with Plaintiffs' counsel, reviewed the proposed distribution plan, and enters this Report and Recommendation regarding the distribution plan. Prior to the appointment the undersigned had been appointed by the Court to serve as a mediator in this action. Pursuant to that appointment a number of meetings, conversations, and discussions concerning the federal *Engle*-progeny[1] cases had occurred with both counsel and

---

[1] I refer to the cases filed pursuant to the Florida Supreme Court's opinion in *Engle v. Liggett Group, Inc.* as "*Engle*-progeny cases." There, the Court decertified a statewide class of smokers and their survivors, but allowed members of the decertified class one year in which to file individual lawsuits, referred to as "the *Engle* savings period." 945 So. 2d 1246, 1277 (Fla. 2006). For a detailed history of the *Engle* litigation, *see Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326-29 (11th Cir. 2010) and *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F. Supp. 2d 1244 (M.D. Fla. 2011).