**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE:  ENGLE CASES

Case No.:   3:09-cv-10000-J-WGY-JBT

_____/

## ORDER

This case is before the Court on a "Joint Motion for Clarification and for Relief from Requirement to Prepare a Privilege Log" (Doc. 2121, Motion for Clarification), and an "Unopposed Motion of Counsel, The Wilner Firm, P.A., and Farah & Farah, P.A., for Extension of Time to Respond to Special Master's First Discovery Requests" (Doc. 2122, Motion to Extend).  The Special Master has filed a Report and Recommendation to address the Motion for Clarification. (Doc. 2124, Special Master's R&R).  The Wilner Firm and Farah & Farah, P.A., (together, "Counsel") have responded.  (Doc. 2125, Response).

In the Motion for Clarification, Counsel request the Court to clarify that if Counsel turn over information ordered by the Special Master, such disclosure shall not constitute a waiver of the attorney-client privilege or work product doctrine with respect to privileged or confidential material.  (See Doc. 2121 at 1).  Counsel further seek clarification that turning over confidential health, financial, or other personal client records (such as information covered by HIPAA) will not constitute a waiver of any privileges protecting those records either.  (Id. at 3).  Counsel also request assurance that they will not be held liable for turning over confidential client information to the Special Master.

Although the Court tends to agree with the Special Master that clarification is unnecessary, the Court affirms that Counsel's disclosure of protected or privileged

1

information is being compelled by the Court, and thus will not constitute a waiver of such protection or privilege. See, e.g., United States v. Zolin, 491 U.S. 554, 568 (1989) (disclosure of discovery for the purpose of determining the merits of a claim of privilege does not effect a waiver); Transamerica Computer Co., Inc. v. IBM Corp., 573 F.2d 646, 650-51 (9th Cir. 1978) (attorney-client privilege is not waived for documents that a party is judicially compelled to produce); Cobell v. Norton, 213 F.R.D. 69, 75 (D.D.C. 2003) (no waiver of the privilege where a monitor obtained confidential memoranda for in camera review under the authority of a court order); Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co., 951 F. Supp. 679, 688 (W.D. Mich. 1996) (submitting privileged report for in camera review did not waive attorney-client privilege). Further, Counsel are entitled to any applicable legal protection that inheres in compliance with a court order.

In the Motion for Clarification, Counsel also object to the Special Master's in camera inspection procedure for examining allegedly privileged information, and request relief from the requirement to submit a privilege log along with their disclosures. Both requests for relief are due to be denied. First, the Special Master's in camera inspection procedure, set forth in the Special Master's Order (see Doc. 2120 at 2-3), is an approved discovery practice where parties claim a privilege or protection in certain materials. See Zolin, 491 U.S. at 568-69 (citations omitted). Additionally, the Special Master's procedure for filing information on the electronic record, in the event the Special Master finds that a claimed privilege or protection does not apply, addresses Counsel's privacy concerns. The Special Master will "preserve the asserted privilege and/or protection of the Privileged Information submitted to the Special Master as ordered herein," (Doc. 2120 at 2, ¶2), and with respect to information that the Special Master finds not to qualify for the claimed

protection, he will first file a Report and Recommendation seeking authorization from the Court to electronically file such information before doing so (see id. at 2-3, ¶ 3). Because the Special Master already intends to seek Court approval before publishing information subject to a claim of privilege, this procedure effectively comports with Counsel's desire that "all information subject to a claim of privilege should remain under seal unless the Court itself publishes it in the record." (Doc. 2121 at 4).

Second, the Special Master's requirement that Counsel submit a privilege log is not unduly burdensome. The Special Master does not require Counsel to identify every individual item subject to a claimed privilege; rather, the Special Master requests only that Counsel identify "(1) the categories of Privileged Information; (2) the privilege or protection asserted; and (3) a brief explanation of the basis for the assertion." (Doc. 2120 at 2, ¶ 1) (emphasis added). Moreover, a privilege log is necessary to aid the Court's, and the Special Master's, evaluation of claimed protections. See Fed. R. Civ. P. 26(b)(5)(A). Accordingly, Counsel's request for relief from the privilege log requirement is due to be denied.

Finally, Counsel have filed an unopposed motion for extension of time to comply with the Special Master's discovery requests. (Doc. 2122). Farah & Farah, P.A., has requested until February 12, 2016 to comply, and The Wilner Firm has requested until February 22, 2016 to comply. (Id. at 3-4, ¶¶ 8-9). The Motion to Extend is due to be granted.

Accordingly, it is hereby

**ORDERED:**

1. Counsel's Motion for Clarification (Doc. 2121) is **GRANTED IN PART** and **DENIED IN PART**.

2. Counsel's Motion for Clarification is **GRANTED** to the extent that the Court affirms that disclosure of privileged or confidential information, pursuant to an order of this Court or the Special Master, will not constitute a waiver of any applicable privilege or protection. The Court also affirms that, where Counsel disclose client records as compelled by an order of this Court or the Special Master, Counsel are entitled to any applicable legal protection that inheres in complying with a court order.

3. Counsel's Motion for Clarification is **DENIED** to the extent Counsel object to the Special Master's in camera procedure for inspecting and requesting electronic filing of allegedly protected information.

4. Counsel's Motion for Clarification is **DENIED** to the extent Counsel seek relief from the requirement to submit a privilege log.

5. Counsel's Motion to Extend (Doc. 2122) is **GRANTED**. Farah & Farah, P.A., shall have until **February 12, 2016** to comply with the Special Master's discovery request, and The Wilner Firm shall have until **February 22, 2016** to comply.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of February, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies:

A. Lee Bentley, III, United States Attorney

Counsel of Record